IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AQUITAS SOLUTIONS, INC., | |
| Plaintiff, | |
| v. | Case No. 1:18-cv-0163 |
| CROWN MAINTENANCE SOLUTIONS, LLC, and LISA BAGADIA, | JURY TRIAL DEMANDED |
| Defendants. | |

**COMPLAINT**

NOW COMES Plaintiff Aquitas Solutions, Inc. ("Aquitas"), by and through its attorneys, MORGAN LEWIS & BOCKIUS, LLP, and complains of Crown Maintenance Solutions, LLC ("Crown") and Lisa Bagadia, ("Bagadia") (collectively "Defendants"), as follows:

**NATURE OF THE CASE**

1. Aquitas brings this action against Defendants to recover damages for breach of contract and fraud in the inducement. This complaint arises out of Crown's failure to pay Aquitas amounts it is owed pursuant to its agreement with Crown to provide to assist Crown with the implementation of Maximo 7.6.x (Maximo 7) within Aurora Health Care's (AHC) sixteen hospitals and approximately four hundred healthcare clinics.

2. Crown has failed pay Aquitas $190,246.40 for services rendered between June 2017 and November 2017. Since it ceased payment, Crown has continually promised to pay the amount owed and intentionally misled Aquitas as to when payment would be made in order to continue to receive Aquitas' services.

3. The misconduct continues as of the date of the filing of this action.

## PARTIES

4. Aquitas Solutions, Inc. is a Delaware corporation whose principal place of business is at 300 Colonial Center Pkwy, Suite 100, Roswell, GA 30076. Aquitas is a leading provider of Enterprise Asset Management ("EAM") and Internet of Things ("IoT") solutions that optimize asset intensive industries.

5. On information and belief, Crown Maintenance Solutions, LLC is an Illinois limited liability corporation whose principal place of business is 381 Central Avenue, Highland Park, IL 60035. At the time of the filing of this complaint, Crown is listed as in "not good standing" with the Illinois Secretary of State and the State of Illinois. On information and belief, Bagadia is the only member of Crown.

6. On information and belief, Lisa Bagadia is a resident of the state of Illinois. She is the majority owner and President of Crown.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a). There is complete diversity between the parties, as Plaintiff is a Delaware corporation whose principal place of business is Georgia and Defendants Crown and Bagadia are an Illinois LLC and an Illinois resident respectively. The amount in controversy is in excess of $75,000.

8. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. 1391(b). At all times relevant to this Complaint, Defendants regularly resided, conducted substantial business within this district, and maintained employees and/or offices in this district.

## BACKGROUND FACTS AND AGREEMENT

9. Aquitas Solutions assists clients with the implementation of IBM's Maximo 7.6

software product. Maximo is an enterprise asset management (EAM) software solution product which clients use to track the operation, maintenance and disposal of assets. Its implementation is particularly critical in asset-intensive industries such as hospital systems.

10. Pursuant to the Statement of Work for Crown Maintenance Solutions agreement (the "Agreement"), Aquitas was hired by Crown to perform the day-to-day Maximo 7.6 implementation for Crown's client Aurora Health Care ("AHC"). Lisa Bagadia signed the Agreement on behalf of Crown on March 3, 2017. A true and accurate copy of the Agreement is attached to the Complaint as Exhibit A.

11. AHC is a not-for-profit health care system headquartered in Milwaukee and primarily service eastern Wisconsin. The system has approximately 16 hospitals, and more than 400 health care clinics.

12. Pursuant to the Agreement, Aquitas was to provide, *inter alia*, Maximo 7.6 training, on-going project management, data migration workshops, application and test script development, solution builds and system testing.

13. Payment was to be made "net 30" meaning payment for each month's services was due 30 days after Aquitas sent an invoice to Crown.

14. The Agreement contemplated Aquitas spending approximately 2,240 man hours for its services and, in return, receiving $440,176 from Crown.

**PERFORMANCE BY THE PARTIES**

15. Aquitas began performance shortly after the Agreement was signed by Lisa Bagadia on March 3, 2017. It performed its work in accordance with the schedule described in the Agreement.

16. At no time during Aquitas's performance of the Agreement have Crown or AHC

raised any concern about the quality, timeliness, or appropriateness of Aquitas's work.

17. From the outset, Crown did not honor its payment obligations and did not pay the invoices Aquitas sent. On June 8, 2017, Bagadia acknowledged a delay in paying monthly invoices. Aquitas sought payment again on June 15, 2017 and Bagadia did not respond.

18. On June 22, 2017 Aquitas sent Bagadia an email, a true and accurate copy of which is attached hereto as Exhibit B, stating "Lisa, I didn't receive a response from you last week regarding our overdue invoices. Currently, your overdue balance is $95,644.72 with another $31,102.37 due on 6/26 for a total outstanding balance of $126,747.09. Please provide an update ASAP on when these invoices will be paid. Again, the payment terms that were agreed to were Net 30 so please let me know what can be done to ensure these payment terms are met." Bagadia did not respond.

19. On July 6, 2017, Aquitas sent an email to Bagadia, a true and accurate copy of which is attached hereto as Exhibit C, stating "Lisa, With the invoice for services provided in June, your balance due to us has increased to $208,030.60, with $128k of that amount overdue. Of the $128k overdue, $70k is 75+ days overdue. I have been more than patient but I now need an update ASAP with expected payment dates." Bagadia did not respond.

20. On July 7, 2017, Aquitas sent an email to Bagadia, a true and accurate copy of which is attached hereto as Exhibit D, stating "Can you please respond and let us know your intent on payment. We need to get late payments (128k) by next Friday 7/14 or we will need to look at stopping services. Some of that number is overdue by more than 90 days." Bagadia did not respond.

21. On July 11, 2017 Aquitas sent an email to Bagadia, a true and accurate copy of which is attached hereto as Exhibit E, stating "Any word on my email below? I need to know

-4-

your plan by tomorrow close of business." Bagadia did not respond.

22. On July 12, 2017 Bagadia sent an email, a true and accurate copy of which is attached hereto as Exhibit F, stating "testing" and indicated to Aquitas that she had not received their prior communications. On information and belief this was a false statement intended to mislead Aquitas into continuing to perform their work without payment.

23. On August 14, 2017, Aquitas sent an email to Bagadia, a true and accurate copy of which is attached hereto as Exhibit G, stating "Please provide an immediate update for the next Invoice payment for $6,747.09 that was due on 6/26 with another $81,283.51 that was due on 7/31." Bagadia did not respond. Aquitas sent two additional email messages on August 16, 2017 seeking a response and payment. Bagadia did not respond.

24. On September 20, 2017, Aquitas sent an email to Bagadia, a true and accurate copy of which is attached hereto as Exhibit H, stating "We received the June invoice payment this week. Please provide an expectation, by the end of this week, for when we will receive the past due July invoice amount of $34,857.50." Bagadia did not respond for five days. On September 25, 2017 she responded by email, a true and accurate copy of which is attached hereto as Exhibit I, stating "Sorry - this sneaked down onto page two of emails so I didn't notice it until clearing out some of the emails from this weekend. I'm working on getting payment from Aurora, I will keep you posted. Sorry for the delay."

25. Aquitas's July invoice was for $34,857.50. Crown paid $24,000. The remaining $10,857.50 has not been paid. Crown did not pay its August invoice of $47,146.40, its September invoice of $76,865.00, its October invoice of $46,237.50 or its November invoice of $9,140.00. The total amount owed to Aquitas is $190,246.40.

26. On October 27, 2017, Aquitas sent an email to Bagadia, a true and accurate copy

of which is attached hereto as Exhibit J, stating "it really bothers me that we have to hunt down our payments and that you are not responsive. As I told you months ago if you have a problem getting them paid please work with us in transparency. However, we need to get these paid immediately. Please let me know your plan." Bagadia responded ten days later on November 7, 2017, by email, a true and accurate copy of which is attached hereto as Exhibit K, "I just received this, it was apparently hanging out it my spam folder for some reason." On information and belief, this was a false statement intended to prevent Aquitas from suspending their work.

27. On November 6, 2017, having not received payment for its work beginning with the July invoice, Aquitas discontinued its work, notifying Crown and AHC that it would not continue its Maximo 7.6 implementation until it received its payments due.

28. On November 10, 2017, Bagadia acknowledged by email, a true and accurate copy of which is attached hereto as Exhibit L, that "we have not yet been paid since August" and promised to make a wire transfer stating "I attempted to perform a wire-transfer today but am unable to do so today, due to the federal holiday."

29. On November 14, 2017, Bagadia sent an email to Aquitas, a true and accurate copy of which is attached hereto as Exhibit M, stating "I am writing to let you know that the wire transfer was attempted yesterday, however they made a mistake in entering in the ACH number instead of the wire transfer number. I've issued a recall for the wired amount, so that a corrected attempt can occur but am waiting on the banks to determine how long that process will take." On information and belief, this was another false statement intended to prevent Aquitas from suspending their work.

30. Since this communication, Bagadia has not responded to any letters or emails from Aquitas and Aquitas has not received payment for its services as promised by Bagadia.

## COUNT I - BREACH OF CONTRACT

31. Plaintiff realleges and incorporates by reference paragraphs 1 through 30 of the Complaint.

32. Although Aquitas has demanded that defendant Crown perform its obligations under the Agreement, Crown has breached the Agreement by wrongfully and without cause refusing to pay the $190,246.40 outstanding under those agreements for the services rendered by Aquitas, which are now due and owing.

## COUNT II – FRAUD IN THE INDUCEMENT

33. Plaintiff re-alleges and incorporates by reference each of the allegations of paragraphs 1 through 32 of this Complaint as if the same were set forth herein in full.

34. At the time that Crown entered into the Agreement with Aquitas, on information and belief, Crown had no intention of fulfilling its obligations under the Agreement, including paying Aquitas the full amount called for by the Agreement, but rather simply sought to induce Aquitas to render its services without full compensation.

35. Defendants nevertheless represented to Aquitas that Crown would compensate Aquitas in accordance with the terms of the Agreement and would cooperate with Aquitas in good faith. Defendants also represented, after Aquitas requested payment of its invoices, that payment would be forthcoming. These representations were false and Defendants knew the falsity of their statements at the time they were made.

36. On information and belief, Bagadia falsely stated that Aquitas' request for payment had gone to her to spam folder. Bagadia also falsely stated that Crown had accidentally

made a clerical error when wiring Aquitas the money it was owed, intending to deceive Aquitas into continuing its work without receiving payment.

37. Defendants' false statements to regarding its ability and willingness to pay Aquitas were material to the Agreement and to Aquitas' performance.

38. Aquitas justifiably relied upon Defendants' representations and would not have entered into the contracts or continued to perform its services otherwise.

39. Aquitas has been damaged by entering into the Agreement and by rendering its services without receiving full and fair compensation in return.

40. Defendants' conduct was malicious, fraudulent and oppressive, justifying an award of punitive and exemplar damages to prevent defendant from engaging in such conduct in the future.

WHEREFORE, plaintiff Aquitas respectfully prays that:

A. the Court finds Bagadia jointly and severally liable for Crown's breach of contract as Crown Maintenance Solutions is a limited liability corporation not in good standing in Illinois;

B. a judgment be entered in the plaintiff's favor and against Crown and Bagadia in the amount of its damages for breach of contract;

C. a judgment be entered in the plaintiff's favor and against Defendants Crown and Bagadia in an amount to be determined at trial on account of Defendants' fraudulent conduct;

D. the plaintiff be awarded punitive and exemplar damages;

E. the plaintiff be awarded pre-judgment and post-judgment interest;

F. the plaintiff recover its costs and attorneys' fees in bringing this action, and;

G. the plaintiff be awarded such other relief as is the Court deems just and proper.

Dated: January 9, 2018

                                                          By: /s/ Gregory T. Fouts
                                                              By Its Attorneys

Gregory T. Fouts
gregory.fouts@morganlewis.com
William J. Kraus
william.kraus@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, IL  60601-5094
Telephone:     +1.312.324.1000
Facsimile:     +1.312.324.1001

Joshua M. Dalton*
josh.dalton@morganlewis.com
John A. Cosgriff*
john.cosgriff@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, MA  02110-1726
Telephone:     +1.617.341.7700
Facsimile:     +1.617.341.7701

*Attorneys for Plaintiff*

\* Application for Pro Hac Vice Admission
  Pending